PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

In re NATIONAL CONDUIT & CABLE CO.

(Circuit Court, S. D. New York.  June 27, 1911.)

In Equity. Suit by the Pennsylvania Steel Company and another against the New York City Railway Company and another. In the matter of claim of the National Conduit & Cable Company. On exceptions to report of special master. Report confirmed.

The following is the report of Special Master W. L. Turner:

On May 10, 1907, the claimant proposed to defendant named to manufacture and deliver certain transmission cables at prices stated. On May 11, 1907, the proposal was accepted, with modifications assented to on May 13, 1907, which were that the railway company reserved the right to specify between May 11, 1907, and July 1, 1908, the length of cable it desired to have manufactured, and the point of installation, and that deliveries might be deferred accordingly, if it so elected. No payment was to be made for cable not delivered under such circumstances, and it agreed to pay 90 per cent. of the contract price for all cable delivered in accordance with instructions within 30 days after delivery.

Receivers were appointed of the railway company on September 24, 1907. The copper and lead required in the manufacture of the cable was purchased by claimant prior to such appointment: but it is conceded by the claimant that there was no breach of the contract until the appointment of the receivers. These elected on January 17, 1908, not to adopt it, and refused to specify in accordance with its terms. The parties agreed that on the market price of cable specified in the contract the claimant would have sustained on Sep-

t~mber 24, 1907, a loss of $44,232.20, and on January 17, 1908, based on the then market price, damage would be $64,974.20.

This is the case of an executory contract not broken at the date of the appointment of the receivers, and, as it is not to be distinguished from the claim of the Metropolitan Express Company against the Metropolitan receivership (188 Fed. 339), to the memorandum as to which counsel is referred, the same disposition will be made of it. As he has cited a case not relied upon therein, it may be proper to point out that in that case (In re Stern, 116 Fed. 604, 54 C. C. A. 60), as the opinion of Judge Townsend shows, the executory contracts there involved had been broken before the petition had been filed, and that their breach furnished the reason that the creditors had for forcing the debtor into bankruptcy.

The receiver may file and serve a proposed report on March 15, 1911, embodying findings and conclusions accordingly; the claimant to have five days thereafter to file its objections thereto.

Johnson & Galston (Clarence Galston, of counsel), for claimant.

Dexter, Osborn & Fleming (Matthew C. Fleming, of counsel), for receiver of New York City Ry. Co.

Charles Benner (Benjamin S. Catchings, of counsel), for tort creditors' committee.

O'Brien, Boardman & Platt (George N. Hamlin, of counsel), for contract creditors' committee.

Geller, Rolston & Horan (Charles T. Payne, of counsel), for Farmers' Loan & Trust Co., as trustee, successor of Morton Trust Co., as trustee.

LACOMBE, Circuit Judge. I concur in the conclusion of the special master that this claim is not to be distinguished from that of the Metropolitan Express, 188 Fed. 339, in which opinion is filed to-day.

The exceptions are overruled, and special master's report is confirmed.