PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(District Court, S. D. New York. January 29, 1912.)

1. STREET RAILROADS (§ 49*)—LEASES—CONSTRUCTION—LIABILITY OF SUB-LESSEE FOR TAXES.

A sublease of a street railroad, held by the lessor under a lease from the owner for a term which does not expire until after that of the sublease, cannot be construed as an assignment of the original lease so as to bind the sublessee by a covenant therein for the payment of taxes on the franchise of the owner; nor does a covenant by the sublessee to

---

pay the taxes on the demised property and extensions and additions thereto cover such franchise taxes.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 125, 126; Dec. Dig. § 49.*]

2. STREET RAILROADS (§ 49*)—LEASE—COVENANT BY LESSEE TO PAY TAXES.

Under a covenant in a lease of street railroad property binding the lessee to pay franchise taxes assessed against the lessor, but permitting it to contest their validity in the courts, the estate of the lessee in insolvency is liable to the lessor for the amount of such taxes which became due and payable under the law prior to the appointment of receiver but had not been paid, although they were then in litigation and their validity had not been determined.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 125, 126; Dec. Dig. § 49.*]

3. CORPORATIONS (§ 180*)—DEBTS DUE CORPORATION—POWER OF STOCKHOLDER TO RELEASE.

A stockholder of a corporation, although the owner of a large majority of the stock, cannot waive or release a claim existing in favor of the corporation where it has creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 665–673; Dec. Dig. § 180.*]

In Equity. Suit by the Pennsylvania Steel Company and another against the New York City Railway Company and the Metropolitan Street Railway Company, and three other cases. On exceptions to report of Special Master in the matter of the claim of Central Crosstown Railroad Company. Exceptions overruled, and report confirmed.

The following is the opinion of William L. Turner, Special Master:

Those claims were filed in pursuance of orders permitting such filing against the estates both of the Metropolitan and City Companies nunc pro tunc under the orders made in the beginning of the receiverships of the two companies, directing the filing with me of claims against those companies, meaning claims existing against each company as and of the date that receivers of each were appointed, which was September 24, 1907, for the City Company, and October 1, 1907, for the Metropolitan Company. These latter orders do not authorize the adjustment of controversies suggested either by agreements made with the receivers, or by their acts during the receiverships in the management of the property in their custody, but only of those claims which existed at the dates of their appointment. As the claims here urged for the rents, interest, and speculative damages for breach of covenants in the leases executed by the respective companies as lessees were not in existence on said dates, but have accrued since, they are not, I think, provable under said orders for reasons more fully stated in memoranda accompanying the reports on the claims of the Hemphill Committee and the National Conduit and Metropolitan Express Companies lately presented to the court for disposition.

The claims against the estate of Metropolitan Company for the allowance of payments of franchise taxes accruing on and prior to October 1, 1907, assumed by the covenant in the Central Crosstown lease to it, which are, I think, covered by the reservation in the correspondence which subsequently passed between the claimant and the receivers, stand upon a different basis. The obligation of the Metropolitan Company to make the payments arose under that lease and was in existence at the time receivers of its property were appointed, and, while by its covenant the lessee was not as between itself and its lessor required to pay a tax as long as it should in good faith contest its legality and validity unless the payment were necessary to protect the demised property from forfeiture, the obligation had nevertheless accrued at that time and was then debitum in presenti, solvendum in futuro, notwithstanding that the lessee was then in good faith litigating the assess-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments on which they were based. Nor do I think the facts that the Metropolitan Securities Company owns 5,028 out of 6,000 shares of the stock of the Crosstown Company, and that the former company has agreed with the Interborough Company not to participate directly or indirectly in any moneys in the possession of the Metropolitan receivers, prevent the Crosstown Company from asserting its claim to the allowance of all these taxes. It was not a party to this agreement, has its own creditors whose rights in any event could not be affected by agreements between others to which they had not assented, and is not bound by acts or agreements of its stockholders with third parties. As finally adjusted against both the Crosstown and the Christopher & Tenth Street Companies, the franchise tax with interest to October 1, 1907, should be allowed for the years 1904, 1905, and 1906 as payable against the Metropolitan estate; the year 1907 not being allowed, as under the charter the payment accrued on October 7, 1907, after the date of the appointment of its receivers.

Against the estate of the City Company I do not think the claim for franchise taxes provable, as it was clearly not an assignee of the lease from the Crosstown Company to the Metropolitan and liable as such, and as the language of its covenants either of assumption or of payment of taxes in the Metropolitan lease to it does not in terms broad enough for that purpose include such payments. The covenant of assumption in paragraph 3 of the City lease is of payment of charges arising under leases or contracts to which the lessor is a party (i. e., in February, 1902), and the Metropolitan was not then a party to the Crosstown lease, for it had not then been entered into. So, too, the covenant for the payment of taxes contained in paragraph 2 cannot be invoked because it refers to taxes imposed only on the property thereby demised and extensions and additions thereto, and not to railroad franchises then in existence and subsequently leased. The words "extensions" and "additions," as used in the statutes and contracts relating to railway lines and franchises, have a more or less definitely fixed meaning, which is hardly broad enough to govern an acquisition by lease of existing systems of railway.

Counsel for receivers may submit a proposed report in accordance herewith on or before June 23, 1911, and the claimant will file with me, within three days after service upon it of a copy of my proposed draft report, its objections thereto and proposed amendments thereof.

This cause comes here upon exceptions to reports of the special master, filed July 5, 1911, disallowing certain claims against the estate of the Metropolitan Street Railway Company and the estate of the New York City Railway Company. The exceptions to both reports were argued together. The reports were accompanied with an opinion of the special master to which reference should be made. The cause has been argued upon the exceptions by

Richard Reid Rogers and J. Tufton Mason, for Crosstown Co.

Arthur H. Masten, William M. Chadbourne, and Ellis W. Leavenworth, for Metropolitan receivers.

Matthew C. Fleming, for City receiver.

LACOMBE, Circuit Judge. The first proposition contended for, viz., that the Crosstown Company is entitled to prove a claim against the Metropolitan Company for damages resulting from a breach of the lease occurring six months after the appointment of receivers, has been already disposed of in decisions touching other claims. Claim of Met. Ex. Co. (C. C.) 188 Fed. 339; Claim of Nat. Conduit Co. (C. C.) 188 Fed. 343; Claim of Second Ave. Bondholders (C. C.) 189 Fed. 661. It is conceded on the brief that if these decisions stand

the present claim cannot be distinguished from them. The special master's disposition of it is therefore sustained; it will come up for review with the other appeals already pending.

[1] So far as concerns the City Company, it seems entirely clear that it is not an assignee of the lease from Crosstown to Metropolitan, but only a sublessee. The lease from Metropolitan to City was by its terms limited to expire about two years before the expiration of the lease from Crosstown to Metropolitan. How assignment can be worked out in the face of that incontrovertible fact it is difficult to understand. I concur with the special master in his construction of the covenants of assumption in the City Company's lease.

[2, 3] The Metropolitan receivers except to so much of the report as sustains the claim against the estate of that road for special franchise taxes of the years 1904, 1905, and 1906. The special master's reasoning and conclusions on this branch of the case are concurred in.

The exceptions are overruled, and report confirmed.